SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
JARED K. LEBEAU, Cal. Bar No. 292742
PRESTON B. BENNETT, Cal. Bar No. 325094
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail:     jbrooks@sheppardmullin.com
            jlebeau@sheppardmullin.com
            pbennett@sheppardmullin.com

Attorneys for GEICO General Insurance Company

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ELIJAH ALLEN, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>GEICO GENERAL INSURANCE COMPANY, a corporation; and DOES I through 25, inclusive,<br><br>        Defendants. | Case No.  22-498<br><br>**DEFENDANT GEICO'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE THAT,** under 28 U.S.C. §§ 1441(b) and 1446, defendant GEICO General Insurance Company ("GEICO"), hereby removes the state court action described below from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California, and submits the following statement of facts, which entitles it to removal:

## JURISDICTIONAL STATEMENT

This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL [DIVERSITY JURISDICTION]

I.     **Compliance With Statutory Requirements**

1.     On or about March 23, 2022, Plaintiff Elijah Allen ("Plaintiff") filed a lawsuit in the Superior Court of the State of California for the County of Sacramento entitled *Elijah Allen v. GEICO General Insurance Company, and DOES 1 through 25, inclusive*, Case No. 34-2022-00317270 (the "Action").  The Complaint alleges (1) a cause of action for Breach of Contract, and (2) a cause of action for Breach of Good Faith and Fair Dealing.  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint **("Complaint," Exhibit A)**.  Plaintiff alleges that GEICO committed bad faith in handling his insurance claim and alleges damages for attorneys' fees and punitive damages, among other damages.

2.     GEICO was served with the Complaint on April 8, 2022.  Attached hereto as **Exhibit B** is a true and correct copy of the Service of Process Transmittal **("Proof of Service," Exhibit B)**.

3.     GEICO filed an Answer to the Complaint in the State Court Action on May 4, 2022.  Attached hereto as **Exhibit C** is a true and correct copy of the Answer **("Answer," Exhibit C)**.  GEICO removes this case under 28 U.S.C. § 1441.

4.     GEICO's removal is timely because it was filed within 30 days after GEICO was served with the Statement of Damages from which it was first ascertained that the case is one which is removable.  *See* 28 U.S.C. § 1446(b).

5.     Pursuant to 28 U.S.C. § 1446(d), GEICO will promptly provide written Notice of Removal of this State Court Action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Sacramento.

6.      The United States District Court for the Eastern District of California embraces Sacramento County.  The Complaint was filed in Sacramento Superior Court. (**Complaint, Exhibit A**).  Therefore, based on the district and division in which the state action is pending, the United States District Court for the Eastern District of California is a proper venue for this Action pursuant to 28 U.S.C. §1441(a).

## II.    STATEMENT OF THE GROUNDS FOR REMOVAL

### A.    *There Is Complete Diversity Between GEICO and Plaintiff*

7.      GEICO removes this case under 28 U.S.C. § 1441.  Removal is proper because, as established in more detail below:  (1) there is complete diversity between GEICO and Plaintiff; (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest; and (3) GEICO is timely removing the case within 30 days of its first receipt of a paper establishing that the amount in controversy exceeds the jurisdictional threshold.

8.      At the commencement of the State Court Action on March 23, 2022, GEICO was a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Chevy Chase, Maryland, and its mailing address as One Geico Plaza, Washington, D.C. 20076-00010.  As of December 31, 2020, GEICO is now a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Chevy Chase, Maryland, and its mailing address as One Geico Plaza, Washington, D.C. 20076-00010.  (GEICO's Certificate of Status for 2020 is attached hereto as **Exhibit D.**) At the time the State Court Action was filed and at the time of this removal, GEICO does <u>not</u> have substantial predominance of its corporate activities in the State of California.  Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Chevy Chase, Maryland.  (*Id.*)  Thus, GEICO is, and was at the commencement of the State Court Action and at the time of removal, a resident and citizen of the States of Nebraska and Maryland, as well as

of the United States.  (*Id.*)

9.    Plaintiff Elijah Allen is and was at the commencement of the State Court Action and at the time of removal, a resident who was domiciled in, and therefore a citizen of, the County of Alameda in the State of California.  (**Ex. A, Complaint, ¶ 1**) There is no indication that Plaintiff is or was a citizen of Nebraska and/or Maryland, the only fact that would destroy diversity of citizenship in this case.

10.    Plaintiff's naming of 25 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing Section 1441(a)).

11.    Disregarding all the "Doe" defendants, the only defendant is GEICO. Thus, complete diversity exists between GEICO and Plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332(d).

**B.    *The Amount In Controversy Requirement Is Met***

12.    The procedure for removal is outlined in 28 U.S.C. § 1446(b).  This procedure requires removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." *Id.*  However, if "the case stated by the initial pleading is not removable" the defendant must file a notice of removal "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

13.    Here, although Plaintiff alleged in the Complaint that he suffered damages as a result of GEICO's handling of his insurance claim (**Ex. A, ¶¶ 28-29,**

-4-

**36-38 and Prayer**), he did not state a specific amount of damages, generally allege damages in excess of $75,000, or allege facts from which the amount in controversy could be calculated.  Therefore, the Complaint did not indicate that the amount in controversy exceeded $75,000.

14.    After receiving the Complaint, on April 25, 2022, GEICO attempted to ascertain the amount in controversy by serving Plaintiff with a Request for Statement of Damages.  Attached hereto as **Exhibit E** is a true and correct copy of GEICO's Request for Statement of Damages to Plaintiff.

15.    On May 11, 2022, Plaintiff served his Statement of Damages.  Attached hereto as **Exhibit F** is Plaintiff's Statement of Damages.  This Statement of Damages was the first paper that made it ascertainable that this action is removable.

16.    Specifically, GEICO's Request for Statement of Damages asked Plaintiff to "provide a statement setting forth the nature and specific amounts of contractual, consequential and incidental damages, prejudgment interest, compensatory damages, emotional distress damages, and punitive damages being sought by Plaintiff against GEICO in this action." (**Ex. E.**)  Plaintiff responded, "$41,936.96 in Vehicle Cost.  $620.72 in Insurance Payments.  $5,000.00 in Additional Vehicle Expenses.  $15,128.00 in Monthly Vehicle Loan Payments. Plaintiff also seeks to recover prejudgment interest at the maximum legal rate, court costs, and attorney's fees." (**Ex. F.**)  Thus, Plaintiff has put in controversy, at a minimum, $62,685.68 in special damages.

17.    Because Plaintiff is expressly seeking **$62,685.68** in special damages alone, plus emotional distress damages, attorneys' fees, and punitive damages, his damage claims in the Statement of Damages demonstrate that the amount in controversy exceeds $75,000.00.

18.    Additional evidence further establishes that Plaintiff is seeking more than $75,000 in this Action.  Specifically, Plaintiff's claims for emotional distress damages, punitive damages, and attorneys' fees, and the cited jury verdicts all

1  establish – by a preponderance of the evidence – that the amount in controversy is

2  well above the Court's jurisdictional minimum of $75,000. **(Ex. A, Complaint, at**

3  **¶ 36 [emotional distress]; ¶¶ 29, 38, and Prayer [attorneys' fees]; ¶ 37 and**

4  **Prayer [punitive damages]; Ex. G [jury verdicts for over $75,000 in insurance**

5  **bad faith cases].)**

6       a.   <u>Emotional Distress</u>.  Emotional distress damages are included in

7  determining the amount in controversy.  *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d

8  Cir. 1993); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994);

9  *Richmond v. Infinity Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995).  In his Complaint,

10  Plaintiff alleged he suffered emotional distress.  **(Ex. A, Complaint, ¶ 36.)**

11       i.   Courts have held that emotional distress damages in a bad

12  faith action – by themselves – could exceed the minimum $75,000 threshold.  *Cain*

13  *v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1251 (C.D. Cal. 2012) ("The

14  Court finds that it is more likely than not that emotional distress damages may be

15  substantial if Cain's allegations in the Complaint are accepted as true.  If such

16  damages were awarded, those damages alone could exceed the minimum $75,000

17  threshold"); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450- 51

18  (S.D.Cal.1995) (removal proper because plaintiff's emotional distress damages were

19  potentially substantial).

20       ii.   "To establish the amount of emotional distress in

21  controversy, a defendant may introduce evidence of jury verdicts in other cases."

22  *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012);

23  *see also Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, *4 (N.D. Cal. 2008).

24  In bad faith cases, juries have awarded emotional distress damages well in excess of

25  the minimum $75,000 amount in controversy.  *See, e.g., Clayton v. United Services*

26  *Auto. Assn.*, 54 Cal. App. 4th 1158 (1997) (emotional distress award of $400,000 for

27  insurance bad faith); *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998,

28  1005 (9th Cir. 2004) (jury awarded $400,000 in emotional distress damages for bad

faith damages stemming from denial of disability benefits); *Ace v. Aetna Life Ins. Co.*, 40 F. Supp. 2d 1125 (D. Alaska 1999) (jury verdict initially awarded $27,009 for wrongful denial of disability benefits and $100,000 for emotional distress). Additionally, see the following bad faith verdicts in California courts:

1. *Graciano v. Mercury General Corporation*

   25 Trials Digest 15th 9, 2012 WL 23354701 (Cal. Super.)

   **Verdict Amount: $2,195,000**

2. *1800 South Maple Street, LLC et al. v. Allied Property and Casualty Ins. Co. et al.*

   2009 WL 5538683 (Cal. Super.)

   **Verdict Amount: $28,782,917**

3. *Murray v. United States Liability Insurance Company*

   31 Trials Digest 16th 10, 2012 WL 8718283 (Cal. Super.)

   **Verdict Amount: $1,996,482**

4. *Keith Cunningham v. State Farm Mutual Automobile Insurance Company*

   2009 WL 5948296 (Cal. Superior)

   **Verdict Amount: $175,000**

5. *Mercer v. State Farm Mutual Automobile Insurance Company*

   27 Trials Digest 15th 7, 2012 WL 2556524 (Cal. Super.)

   **Verdict Amount: $238,058 ($138,058 attorney fees; $100,000 emotional distress)**

**("California Jury Verdicts," Exhibit G.)**

   iii.   Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages.  Accordingly, the amount in controversy here clearly exceeds $75,000.

   b.   <u>Attorneys' Fees</u>.  Likewise, a claim for attorneys' fees is also included in determining the amount in controversy.  *Goldberg v. CPC Int'l, Inc.*,

678 F.2d 1365 (9th Cir. 1982).  The Complaint also alleged that Plaintiff is entitled to recover attorneys' fees.  **(Ex. A, Complaint, ¶¶ 29, 38, and Prayer.**)  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

          i.          In *Smith-Dickerson v. State Farm Mut. Auto. Ins. Co., Inc.*, 2018 WL 2193133 (N.D. Cal. May 14, 2018), the insurer estimated that it was "more likely than not that plaintiff's attorney will bill at least $20,000 to $30,000 in *Brandt* fees because hourly rates for bad faith lawsuits are at $200 to $300 on the lower end of the range and it will require far more than 100 hours of billable time for an attorney to take this case through a motion for summary judgment." *Id.* at *4 (internal quotation marks omitted).  Based on this estimate, the court found jurisdiction after concluding it was likely that "fees of $10,000 to $20,000 would be reasonable." *Id.*  The same is true here.  Indeed, just like in *Smith-Dickerson*, Plaintiff will contend that at least $20,000 in attorney's fees is reasonable to cover "initial disclosures, a case management conference, propounding and responding to written discovery, reviewing documents produced by [GEICO], participating in ADR, defending the plaintiff's deposition, taking depositions of defense witnesses, attending third-party depositions, and opposing a motion for summary judgment." *Id.*; *Smith-Dickerson*, 2018 WL 2193133, *4.  In fact, after accounting for attorney's fees and punitive damages, courts have repeatedly concluded that the $75,000 jurisdictional limit is met in bad faith claims like this one, even where the compensatory damages amount is far below the amount sought by Plaintiff here. *See, e.g., id.*; *Moss v. Infinity Ins. Co.*, 2015 WL 6095254, at *4 (N.D. Cal. Oct. 16, 2015).

          c.          <u>Punitive Damages</u>.  Moreover, punitive damages are also included in determining the amount in controversy. *Bell v. Preferred Life Society*,

320 U.S. 238, 240 (1943); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995).

i. The Complaint also alleged that Plaintiff is entitled to recover punitive damages. (**Ex. A, Complaint, ¶ 37 and Prayer.**) For purposes of determining the amount in controversy in the context of removal, courts commonly use a "conservative" 1 to 1 ratio of punitive damages to compensatory damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (including amount of punitive damages in amount in controversy based on "conservative" 1 to 1 multiplier of other recoverable damages sought); *Jian-Ming Zhao v. RelayRides, Inc.,* 2017 WL 6336082, at *15 (N.D. Cal. Dec. 12, 2017) ("The Court also finds that the ratio of 1:1 between punitive and economic damages used by Defendants is reasonable as it is a 'conservative' ratio for purposes of calculating the amount in controversy."); *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (finding the jurisdictional threshold satisfied after "applying the 'conservative' estimate of a 1:1 ratio between compensatory and punitive damages").

ii. Indeed, courts often use an even higher multiplier for purposes of determining jurisdiction. *See, e.g.*, *James Dickey, Inc. v. Alterra Am. Ins. Co.*, 2015 WL 4537732, at *2-3 (C.D. Cal. July 27, 2015). In *James Dickey*, for example, the plaintiff alleged that the insurer acted in bad faith by withholding benefits owed on a claim for plaintiff's stolen tools, which, according to the plaintiff's statement of loss, were worth $31,671. *Id.* The court found that the jurisdictional amount was satisfied after calculating the amount of punitive damages using a "conservative 2–to–1 ratio." *Id.* at *3.

iii. The same result is warranted here even applying a much lower ratio. Plaintiff's Statement of Damages demonstrates that he seeks $62,685 in compensatory damages. Thus, assuming the most conservative 1-to-1 ratio between punitive and compensatory damages, the total damages Plaintiff is seeking in this

action is $125,316($62,685 in compensatory damages and $62,685 for punitive damages), well in excess of the jurisdictional limit.

19.    Based on the foregoing, this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, thus meeting the requirements of 28 U.S.C. § 1332.

### III.    REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b).

20.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff indicated for the first time that the amount in controversy exceeded $75,000 on May 11, 2022.  Specifically, Plaintiff served GEICO with his Statement of Damages on May 11, 2022, in which it was first ascertainable that the amount in controversy exceeded $75,000, exclusive of interest and costs.  Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

21.    Copies of all other documents that have been filed in the State Court Action are attached hereto as **Exhibit H.**

**WHEREFORE**, GEICO prays that the State Court Action now pending against it in the Superior Court of the State of California for the County of Sacramento be removed to this United States District Court for the Eastern District of California.

Dated:  May 19, 2022            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                By    _____
                                            *s/ Preston B. Bennett*
                                      PRESTON B. BENNETT

                                      Attorneys for Defendant
                                      GEICO General Insurance Company